**FILED**
**OCTOBER 20, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37907-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EDWARD LEON NELSON, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Following his convictions for attempted first degree robbery and attempting to elude a pursuing police vehicle, Edward Nelson filed a motion for postconviction DNA (deoxyribonucleic acid) testing of a firearm under RCW 10.73.170. The trial court denied the motion, finding there was no evidence that the firearm Nelson used was ever recovered or presented as an exhibit at Nelson's trial; accordingly, the trial court concluded that Nelson did not meet his burden under the statute. Nelson appeals the trial court's denial of his motion arguing that he met the standard for postconviction

testing under the statute.  We disagree and affirm the trial court's denial of Nelson's motion.

## BACKGROUND

In 2016, a jury found Nelson guilty of one count of attempted first degree robbery and one count of attempting to elude a pursuing police vehicle.[1]  Although a witness testified that Nelson used a firearm during the attempted robbery, there was no evidence that a firearm was ever found, and no firearm was presented as an exhibit at trial.

The superior court determined that Nelson was a persistent offender and sentenced him to life without the possibility of release for the attempted first degree robbery conviction and 60 months for the attempting to elude a pursuing police vehicle conviction.

In 2020, Nelson filed a motion for postconviction DNA testing pursuant to RCW 10.73.170.  He requested that the trial court "order postconviction DNA testing of the 'Firearm' [in his criminal case] based on the likelihood that the results would demonstrate his innocence."  Clerk's Papers (CP) at 14.

---

[1] Because Nelson does not assign error to any of the trial court's findings at sentencing, they are treated as verities on appeal.  *See State v. Brockob*, 159 Wn.2d 311, 343, 150 P.3d 59 (2006).

The trial court denied Nelson's motion. Based on a declaration from the State, the trial court found that Nelson's motion did not identify with any certainty the firearm he was requesting to be tested, and there was no evidence that a firearm had ever been recovered or presented at trial. Based on this finding, the trial court determined Nelson had failed to show the requested DNA testing would "demonstrate innocence on a more probable than not basis." CP at 30 (quoting RCW 10.73.170(3)). Furthermore, the trial court determined Nelson had failed to demonstrate either the relevance or the probative value of postconviction testing.

Nelson appeals.

## ANALYSIS

Nelson argues that the trial court erred in denying his motion for postconviction DNA testing. We disagree.

Under Washington law, an individual convicted of a felony and currently serving a term of imprisonment may make a motion to a trial court requesting DNA testing. RCW 10.73.170. To qualify for testing, the person must satisfy both the substantive and procedural requirements of the statute. *Id*. The motion must "[e]xplain why DNA evidence is material to the identity of a perpetrator, or accomplice to, the crime, or to sentence enhancement." RCW 10.73.170(2)(b). Moreover, the person must show "the

3

likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis."  RCW 10.73.170(3).

This court reviews a trial court's denial of a motion for postconviction DNA testing for an abuse of discretion.  *State v. Riofta*, 166 Wn.2d 358, 370, 209 P.3d 467 (2009).

Here, Nelson does not dispute there is no evidence that a firearm was recovered by law enforcement, and no firearm was presented at his trial.  Further, Nelson did not specify the firearm on which requested DNA testing in his motion to the trial court.  Because he did not even specify the firearm (evidence), Nelson fails to explain why the evidence is material in any way to his case.  Moreover, without specifying the evidence he is requesting to be tested, Nelson cannot show a likelihood that DNA testing would demonstrate his innocence.

The trial court did not err in denying Nelson's motion for postconviction DNA testing because Nelson failed to meet his burden under RCW 10.73.170.

Prior to issuance of this decision, Nelson filed a motion to publish.  We deny this motion as the opinion lacks precedential value.  RCW 2.06.040.

Affirm

4

No. 37907-8-III
*State v. Nelson*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

5